75054. HAMILTON v. THE STATE.
(361 SE2d 30)

BEASLEY, Judge.

Hamilton appeals his conviction and sentence under OCGA § 16-8-2 for theft by taking from a jewelry store of a 1.53 carat solitaire diamond ring priced at $5,995. His sole enumeration of error is that he was deprived of his right of confrontation under the federal and state constitutions[1] when the trial court restricted cross-examination of a state's witness. He also cites OCGA § 24-9-64 in argument but does not enumerate as error that this statute was violated and thus we do not address it. *Hurston v. Ga. Farm Bureau Mut. Ins. Co.*, 148 Ga. App. 324, 326 (2) (250 SE2d 886) (1978).

The witness testified on direct that the day after the disappearance of the ring from the jewelry store, Hamilton came to the witness' service station and attempted to sell to him a diamond solitaire ring. It bore a jeweler's price tag of six thousand dollars and a carat marking of either one point fifty-one or one point fifty-seven. Hamilton asked three thousand dollars for it. The witness knew Hamilton because at times he (the witness) had purchased gold chains from him. The witness declined to purchase the ring. That evening he read a newspaper article about the theft of a ring from the jewelry store. It described the ring as approximately the same size as the one Hamilton tried to sell him. The following morning the witness telephoned a police officer, with whom he had previously dealt when he (the witness) had been a licensed dealer in precious metals and stones, and related to the officer details of Hamilton's visit.

Hamilton's counsel cross-examined the witness about his time as a dealer in precious stones and metals. Counsel asked the witness if

---

[1] Appellant cites Ga. Const. 1983, Art. I, Sec. I, Par. XI, but apparently means Par. XIV.

he brought a copy of his dealer's license to court pursuant to subpoena. The witness responded that he did not and that he no longer had a copy of the license or any records of his days as a dealer because that time was more than three years in the past. He now operated a Gulf service station. Counsel further asked the witness if he knew that the law required him, as such a dealer in 1981, 1982, 1983, to have a license and to maintain permanent records of all transactions, giving the name, identity, and description of all purchased goods. The witness stated that he did not know how long he was required to keep the records but he knew at the time that he was required to keep them and at the time he had them.

Counsel then queried, "You know it's a misdemeanor not to do that?" The witness asked, "Not to do what?" and counsel persisted, "Well, do you know that the Official Code of Georgia Annotated Section 44-33-7 says a person who violates any of the provisions of this code section is guilty of a misdemeanor?"

At this point, the state objected to the continual line of questioning as being totally irrelevant to the issue at hand. Defense counsel argued, in support of the right to cross-examine on the subject, that it was relevant to the credibility of the witness because the witness "testified previously that he was a licensed dealer in precious metals, and was served with a subpoena and required to bring those records that are required of him to maintain, under State law, . . ." The court sustained the state's objection.

Appellant now argues that this witness was the most crucial to the state's case because no other witness put him in possession of the stolen ring, so the witness' credibility and motivation for testifying were of great relevancy. He might have impeached the witness, he claims, by showing inaccuracies in record keeping and intentional violations of the law.

Here, the defendant had already questioned the witness at some length about his record keeping and the witness freely responded that he no longer maintained any records. The current unavailability of the records rendered impossible the impeachment or discredit of the witness by a showing of alleged inaccuracies in the records. Thus further questioning along this line was not relevant. Nor were the questions regarding the misdemeanor status of failure to maintain records. That is because in the first place, the statutory provision for record keeping by dealers in precious metals or gems relied on by the defense was erroneously cited; OCGA §§ 43-37-3 (b) and 43-37-6 are the pertinent laws. Secondly, the law does not mandate that such records of purchase be kept indefinitely but only for two years. OCGA § 43-37-3 (b). If the defendant had been permitted to proceed with such line of cross-examination the jury would have been misled by the erroneous impression that the witness had violated the law by discon-

tinuing to maintain records and thus had a self-serving motivation for his testimony. However, the failure to have the records over three years later and to bring them to court was not a violation of the law and so did not constitute impeaching evidence.

Under these circumstances we find no abridgement of a constitutional right by the trial court's exercise of discretion in curtailing the cross-examination. *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982), applying federal constitutional law; *Eades v. State*, 232 Ga. 735, 737 (2) (208 SE2d 791) (1974). The questioning would not have served "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U. S. 308, 318 (94 SC 1105, 39 LE2d 347) (1974). See also *Kentucky v. Stincer*, 482 U. S. ___ (107 SC ___, 96 LE2d 631) (Case No. 86-572, June 19, 1987, slip opinion p. 5) for a discussion of the office of the right to cross-examination, and *Delaware v. Van Arsdall*, 475 U. S. ___ (106 SC 1431, 89 LE2d 674) (1986), regarding the exposure by cross-examination of bias as a motivation for testifying.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*W. Benjamin Ballenger*, for appellant.
*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, Assistant District Attorney*, for appellee.