## 75312. HUGHES v. THE STATE.
### (363 SE2d 336)

POPE, Judge.

Jeffrey Scott Hughes brings this appeal from his conviction and sentence of armed robbery and possession of cocaine. *Held*:

At the request of the jury, the trial court recharged them as to the crimes of robbery and of armed robbery as defined by the Code, OCGA §§ 16-8-40 (a) and 16-8-41 (a). A juror then inquired: "Does the handgun have to actually be in view and pointed at the victim?" After some discussion with the juror and with counsel, the trial court determined that the point of inquiry was whether the weapon had to be visible in order for the alleged conduct to be armed robbery as opposed to robbery by intimidation. The trial court charged "that the weapon does not have to be visible as far as being in the hand of or shown to the victim by the accused" in order to convict him of armed robbery. Defendant's sole enumeration of error challenges the correctness of this charge.

"OCGA § 16-8-41 (a) provides, in relevant part, that '(a) person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.' 'This section clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person.' *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). . . . [U]nder OCGA § 16-8-41 an

armed robbery is committed if the weapon has been used as an instrument of constructive, as well as actual, force. [Cits.] 'When the Code speaks of *force*, it means *actual* violence; and when it speaks of intimidation, it still means force; not actual and direct, but exerted upon the person robbed, by operating upon his fears — the fear of injury to his person, or property, or character.' [Cit.]" (Indention omitted.) *Maddox v. State*, 174 Ga. App. 728, 729-730 (330 SE2d 911) (1985); *Cook v. State*, 179 Ga. App. 610 (1) (347 SE2d 664) (1986); *Doby v. State*, 173 Ga. App. 348 (1) (326 SE2d 506) (1985). It is thus apparent that the legislature intended OCGA § 16-8-41 to encompass armed robbers who have concealed offensive weapons in their pockets or under wraps or other devices.

In light of the foregoing principles, we find persuasive the holding of the Illinois Appellate Court for the Fifth District in *People v. Coleman*, 128 Ill.App.3d 538 (2) (470 NE2d 1277) (1984): "The presence of a weapon during commission of a robbery, necessary to a conviction for armed robbery, may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, or some evidence from which the presence of a weapon may be inferred." (Citations omitted.) Id. at 545. It follows that the cited charge was correct and accurate as an abstract statement of the law and thus provides no basis for reversal in this case. See *Builders Homes of Ga. v. Wallace Pump &c. Co.*, 128 Ga. App. 779 (5) (197 SE2d 839) (1973); see also *Wilcher v. State*, 230 Ga. 294 (5) (196 SE2d 864) (1973).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 20, 1987.

*B. J. Smith*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Barbara Conroy, Assistant District Attorneys*, for appellee.