## 77740. MEADOWS v. THE STATE.
### (380 SE2d 326)

CARLEY, Chief Judge.

Appellant was convicted of criminal solicitation to murder his wife. He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. The trial court's failure to give appellant's requested charge on the defense of entrapment is enumerated as error.

The State's evidence showed that an informant apprised the Georgia Bureau of Investigation (GBI) that appellant had requested his assistance in arranging for a hired killer to murder appellant's wife. During a subsequent meeting between the informant and a GBI agent, the informant telephoned appellant and told him that he had found a hit man, but that the hit man insisted upon a personal meeting before accepting a contract to murder appellant's wife. Appellant agreed to the meeting and, within the hour, he met with a GBI agent posing as the hit man. During the course of this meeting, which was secretly taped, appellant agreed to pay the GBI agent $12,000 if his wife was murdered on that same day. Appellant assured the GBI agent that his wife would be at home and he gave the GBI agent a cash deposit of $1,000, a key to the house, and a map. Appellant also discussed details of the way in which the crime was to be committed, indicating that he "need[ed] it to look like a burglary or rape or whatever." Appellant also made arrangements that the balance of $11,000 would be paid within 60 days. At the close of the conversation, appellant was placed under arrest.

Appellant testified that the idea of having a hit man murder his wife was first suggested by the informant. He did not, however, give

any additional testimony indicating how he was "induced" into following that suggestion due to the employment of undue persuasion, incitement, or deceitful means by either the informant or the GBI agent who taped appellant's solicitation to commit murder. " 'Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' [Cit.]" *Huskey v. State*, 139 Ga. App. 752, 753 (1) (229 SE2d 547) (1976). "Appellant's testimony does not show he was induced, by undue persuasion, or deceitful means, in an overall design of law enforcement people, to do what he otherwise had no predisposition to do and would not have done. [Cits.] Appellant's testimony falls short of evincing those circumstances which have been found to raise the entrapment defense. [Cits.]" *Jones v. State*, 154 Ga. App. 21, 25 (2) (267 SE2d 323) (1980).

Moreover, appellant did not admit commission of the crime. According to him, he never intended that the hit man actually murder his wife but, contrary to the taped conversation, he actually intended that the hit man only burglarize his house and steal insured items. Appellant testified that, to achieve this, he planned to call his wife and have her leave the house before the hit man arrived. Thus, appellant, in effect, admitted the crime of solicitation of burglary but denied the commission of the crime of solicitation of murder. "The [S]tate's evidence raised no suggestion of entrapment, and the appellant was consequently not entitled to a charge on entrapment, absent an admission of guilt. [Cits.] No such admission was forthcoming, the appellant maintaining instead that he gave [the hit man] the [$1,000] only to induce [the hit man] to [commit burglary] and with no intention of actually procuring [his wife's] death or any actual belief that [the hit man] would go through with the proposed plan." *Norris v. State*, 176 Ga. App. 164, 167 (5) (335 SE2d 611) (1985).

The defense of entrapment was not put at issue by the State's evidence or by the appellant's testimony. It follows that the trial court did not err in refusing to instruct the jury on a defense not adjusted to the evidence. See generally *Busener v. State*, 188 Ga. App. 392 (373 SE2d 81) (1988).

2. The informant was called as a rebuttal witness for the State. The trial court sustained several of the State's objections to questions which appellant propounded to the informant on cross-examination. These evidentiary rulings are enumerated as error.

Appellant urges, in connection with this enumeration, that he was denied the right to a thorough and sifting cross-examination of the witness. However, the record shows that appellant was afforded the opportunity to conduct a thorough and sifting cross-examination

of the informant and that he was in no way erroneously precluded from pursuit of a relevant line of inquiry. "The scope of cross-examination is not unlimited and the extent thereof lies within the sound discretion of the court. [Cit.] An irrelevant or immaterial line of inquiry may be curtailed without violence to a defendant's permissible scope of cross-examination. [Cit.] Under the circumstances of this case, we find no abuse of discretion by the trial court in its limitation of defendant's cross-examination. . . ." *Deyton v. State*, 182 Ga. App. 73, 74 (3) (354 SE2d 625) (1987). See also *Hamilton v. State*, 184 Ga. App. 143, 145 (361 SE2d 30) (1987); *McClure v. State*, 163 Ga. App. 236, 238 (4) (293 SE2d 496) (1982).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 9, 1989.

R. *Michael Whaley*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Charles W. Smegal, Assistant District Attorneys*, for appellee.