## A91A0761. NICHOLSON v. THE STATE.
(408 SE2d 487)

Sognier, Chief Judge.

Rodney Nicholson was found guilty by a jury of armed robbery, and he appeals from the judgment and sentence entered on the jury's

verdict.

1. In his first two enumerations appellant contends the trial court erred by denying his motions for a directed verdict of acquittal and a new trial, made on the ground that the State had failed to prove that the robbery had been accomplished "by use of an offensive weapon" as required by OCGA § 16-8-41 (a). We find no merit in this contention.

The victim, who managed a movie theater complex, testified that some time after 11:00 p.m. on September 9, 1989, he left the theater carrying a bank bag containing over $200 and walked toward his car, which was in the adjacent parking lot. He heard a voice and turned to see a black man about six feet tall and wearing a navy blue jogging outfit, who demanded the victim throw him the bank bag. The victim demonstrated to the jury the manner in which the robber was holding his hand away from his body but did not describe that manner verbally. The victim testified, however, that he believed the robber had a gun and that the robber told him to "do as I say or I'll blow your head off." The victim identified appellant as the man who robbed him.

OCGA § 16-8-41 provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." We cannot agree with appellant that *Johnson v. State*, 195 Ga. App. 56 (392 SE2d 280) (1990), relied on by the trial court in denying appellant's motions, requires both that the victim's apprehension that an offensive weapon is being used be reasonable *and* that such apprehension be based on a demonstrable physical manifestation of a weapon, in order to support a charge or a conviction for the offense of armed robbery.

We held in *Johnson* that "[t]he statute includes concealed offensive weapons provided there is *either* a physical manifestation of the weapon *or* some evidence from which the presence of a weapon may be inferred. [Cit.] The question is whether the defendant's acts created a 'reasonable apprehension on the part of the victim that an offensive weapon (was) being used,' regardless of whether the victim actually saw the weapon. [Cit.]" (Emphasis supplied.) Id. at 57 (1) (a). Here, as in *Johnson*, that requirement was satisfied by the victim's testimony regarding the robber's statement, and consequently we find no error in the trial court's denial of appellant's motions for a directed verdict of acquittal or for a new trial.

2. On cross-examination, appellant's counsel asked the victim: "[h]aving decided that [appellant] is in fact the man who robbed you, you're going to do your level best to see that he's convicted, aren't you?" The question was objected to as "argumentative and improper"

and the State's objection was sustained. Appellant maintains the trial court deprived him of a thorough and sifting cross-examination by sustaining the objection, as he was seeking to explore the witness' bias for impeachment purposes. In support of his contention, appellant cites *Glover v. State*, 15 Ga. App. 44, 54-55 (6) (82 SE 602) (1914), in which this court stated that " '[i]t has been frequently held that a party may prove anything which might in the slightest degree affect the credit of an opposing witness.' [Cits.]" In *Glover*, however, the bias of the witness permitted to be explored was against a person who was not the defendant in that case and was based on a matter independent of the prosecution. In the case sub judice, the "bias" sought to be revealed was that of the witness against the defendant, and appellant failed to show that the alleged "bias" derived from anything other than the victim's belief that appellant committed the crime. Thus, the answer to the question posed "would not have served 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.' [Cits.]" *Hamilton v. State*, 184 Ga. App. 143, 145 (361 SE2d 30) (1987). Consequently, the trial court did not err by sustaining the State's objection. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 11, 1991.

*Daniel C. B. Levy*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Grover W. Hudgins, Janis C. Gordon, Carl P. Greenberg*, Assistant District Attorneys, for appellee.