A93A2511, A93A2512. McCLUSKEY v. THE STATE; and vice versa.
(438 SE2d 679)

BIRDSONG, Presiding Judge.
Louis Michael McCluskey was indicted on two counts of armed

robbery and two counts of robbery by intimidation, for robbery of two bank tellers in the First National Bank of Haralson County. He was arrested 20 minutes after the robbery in the described get-away vehicle and with the stolen money and other paraphernalia used in the crime. On McCluskey's motion, the trial court dismissed the counts of the indictment relating to the second bank teller, on the theory that the money was the property of the bank and that he could not be prosecuted for robbing each of the tellers.

The jury convicted McCluskey of one count of armed robbery. McCluskey appeals his conviction. The State appeals the dismissal of the counts relating to the second bank teller. These appeals are here consolidated.

The evidence showed that McCluskey entered the bank and robbed the first teller by purporting to have a gun in his pocket and that there was a bomb in a bag he placed on the counter. He then motioned toward the second teller and told the first teller to get her money also. When the first teller called her over, the second teller saw the first teller putting all her drawer money into a brown folder that had a note stuck on it. The note was not produced in evidence and the evidence is in dispute whether the first teller told the second teller that McCluskey had a gun and a bomb. McCluskey told the second teller that he did not want any "bait" money. After robbing both tellers of about $10,000 in this manner, McCluskey ordered both tellers to lie on the floor, and they did so. They remained on the floor until he left. *Held*:

1. As to the State's appeal, the trial court erred in dismissing the counts of the indictments relating to the robbery of the second bank teller. A person commits armed robbery when, with intent to commit theft, he takes property of another "from the person or the immediate presence of another" by use of an offensive weapon, or any replica, article or device having the appearance of such weapon. OCGA § 16-8-41 (a). Appellant committed armed robbery, as the jury found, against the first teller by taking money from her immediate presence. The actual ownership of the money was irrelevant. "Robbery is a crime against possession, and is not affected by concepts of ownership. . . . [O]ne may only rob a person, and not a corporate entity." *Creecy v. State*, 235 Ga. 542, 544 (221 SE2d 17). Each employee who was robbed is a victim, regardless who owned the money. See *Lawrence v. State*, 198 Ga. App. 287, 290 (3) (401 SE2d 275). If two victims are robbed, the defendant may be charged with the robbery of each victim. See *Painter v. State*, 237 Ga. 30 (226 SE2d 578). There is no basis whatever to conclude that the second teller was not a victim of robbery, and that appellant could not be prosecuted for having robbed her either by armed robbery or by robbery by intimidation.

2. In McCluskey's appeal, he contends the trial court erred in de-

nying his motion for new trial because his conduct does not meet the requirements of an armed robbery set out in OCGA § 16-8-41, and because the evidence was insufficient to authorize a conviction for armed robbery.

McCluskey contends that under § 16-8-41, to constitute the offense of armed robbery "the evidence must at least show that there was an offensive weapon or an article having the appearance of one." *Talbot v. State*, 198 Ga. App. 636, 638 (402 SE2d 366), and see *Tate v. State*, 191 Ga. App. 727 (382 SE2d 688). McCluskey contends he could not be convicted for armed robbery because he had no gun or bomb and never indicated he had a gun or bomb; the first teller did not testify he said he had a gun or bomb nor did he display anything having the appearance of a gun or bomb; and the teller testified that she thought the bag he placed on the counter contained coins. These contentions misconstrue the evidence. The teller testified that McCluskey said "he had a gun in his pocket and he didn't want to use it" and he then put his hand in his right pocket for a few seconds. Although the teller first thought the bag placed on the counter contained coins, this impression was changed by a note which McCluskey had attached to an accordion folder he showed her; the note referred to a bomb. That the State did not produce this note and could produce no bomb or gun because none was found in the car, does not negate the conclusion that McCluskey used a replica or device having the appearance of an offensive weapon.

The presence of an offensive weapon or the appearance of such may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336), but OCGA § 16-8-41 (a) does not require proof of an actual offensive weapon. The legislature intended the Code section to encompass armed robbers who have concealed offensive weapons in their pockets or under wraps or other devices (*Hughes*, supra), "or any replica, *article or device having the appearance* of such weapon." (Emphasis supplied.) McCluskey's devices and his actions convinced the tellers he had a gun and a bomb, so that they felt forced to put $10,000 in a bag without sounding a silent alarm, and then lie on the floor.

In *Moody v. State*, 258 Ga. 818, 819 (375 SE2d 30) the appellant said " 'Wait, let me get my gun,' " and then stuck something in the victim's back which she never saw but assumed was a gun; the jury asked whether this came under the definition of " 'the appearance of such weapon.' " The Supreme Court approved the trial court's instruction that " 'appearance means any concept that is obtained

through the use of any of the senses.' " Id.

In 1968 the legislature deleted from the law the reference to "any replica, article or device having the appearance of such weapon." This resulted in decisions which excluded from prosecution as armed robbery crimes based on *the reasonable apprehension of the victim concerning the true nature of the weapon-like object being pointed at him or her"*; the legislature then amended the statute to reinstate this language so "armed robbery now can be committed either with a real weapon or with a toy or replica weapon having the appearance of being real." (Emphasis supplied.) *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305); *Moody*, supra. "The key words . . . are 'reasonable apprehension.' What a victim can reasonably apprehend necessarily must depend upon the circumstances of each case." Id. at 820. Although "appearance" may be defined as referring to what is seen visually, it may also refer to that which can *look like or seem like* another object. The purpose of the statute is to capture, as armed robbery, those situations which create a reasonable apprehension in the victim that an offensive weapon is being used; hence, "it is immaterial whether such apprehension is created by use of the sense of vision or by any other sense, provided that the apprehension is reasonable *under the circumstances*." (Emphasis supplied.) Id.

The evidence authorized a finding that McCluskey used a "replica, article or device having the appearance of [an offensive] weapon," to persuade the bank tellers that he had a bomb and a gun and to create a reasonable apprehension on their part that he had such offensive weapons; therefore, the evidence is sufficient to enable the rational trier of fact that he committed armed robbery under the definition of the statute. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See also *Nicholson v. State*, 200 Ga. App. 413 (408 SE2d 487); *Johnson v. State*, 195 Ga. App. 56 (392 SE2d 280).

*Talbot*, supra, and *Tate*, supra, involved other circumstances.

3. McCluskey contends he was entitled to a new trial because there was a fatal variance in the indictment and the evidence proven at trial.

This issue is raised for the first time on appeal and may not be considered. *Miller v. State*, 201 Ga. App. 374, 375 (411 SE2d 112). In any event, there was no fatal variance.

*Judgment in Case No. A93A2511 affirmed. Judgment in Case No. A93A2512 reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 1, 1993.

*Sherrod & Bernard, John W. Sherrod*, for appellant.
*George C. Turner, Jr., District Attorney, Jeffrey L. Ballew, As-*

*sistant District Attorney*, for appellee.