## A96A1812. BRADFORD v. THE STATE.
### (477 SE2d 859)

Judge Harold R. Banke.

Avery Bradford was convicted of hijacking a motor vehicle (OCGA § 16-5-44.1) and attempted robbery by intimidation (OCGA § 16-8-40). On appeal, Bradford enumerates four errors, all of which challenge only the hijacking conviction.

The State's evidence was as follows. Around midnight on Christmas, Lisa Headrick left her apartment carrying a laundry basket en route to a friend's house to do her laundry. As Headrick proceeded toward her car, Bradford intercepted her and grabbed her arm. He cautioned her not to yell and demanded her car keys which she denied having. After Bradford demanded the keys a second time, he warned her that she had better not be lying about the keys as he had

a gun and would kill her. Bradford gripped the victim tightly with one hand, and the victim never saw his other hand. While Bradford threatened her, and was becoming increasingly impatient, two police cars drove up within about 30 or 40 feet. Police had been combing the area looking for a reportedly intoxicated person, matching Bradford's description, who had been attempting to stop traffic on an adjacent main street. As Corporal Jay Moore pulled into the parking lot, he observed Bradford drop his grip on the victim when he spotted the marked patrol car. The victim broke free, ran to the police and reported that a man was trying to take her car. Immediately after the victim's escape, Moore walked over to Bradford, searched him, but failed to find a gun or weapon or any offensive object. Nor did Moore who watched Bradford from close range observe Bradford discard anything. Headrick testified that she believed the perpetrator "possibly" had a gun even though she never saw a weapon. Because the laundry basket apparently obstructed her view, she was unable to see one of Bradford's hands and could not testify as to whether that hand was inside his pocket or at his side. *Held*:

1. Bradford contends that there was a fatal variance between the allegations set forth in the indictment and the evidence shown at trial and also challenges the sufficiency of the evidence. The indictment charged that Bradford "while in possession of an object have [sic] the appearance of a firearm, did unlawfully attempt to obtain a motor vehicle."

The essential elements of the offense of motor vehicle hijacking are: (1) possessing a firearm or weapon; (2) while obtaining or attempting to obtain a motor vehicle from the person or presence of another; (3) by force and violence or intimidation. OCGA § 16-5-44.1 (b).

The State contends that the motor vehicle hijacking statute should be interpreted in the same manner as the armed robbery statute insofar as the meaning of "weapon" and "appearance of weapon." OCGA §§ 16-8-41 (a); 16-5-44.1 (a) (3). Drawing a parallel to the armed robbery statute, the State argues that the fact that no weapon was found in this case was not fatal to proving that Bradford had a weapon because under the armed robbery statute, when a weapon remains undisplayed, the requisite element of an offensive weapon can nonetheless be found "provided there is either a physical manifestation of the weapon or some evidence from which the presence of a weapon may be inferred." *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990). See *Moody v. State*, 258 Ga. 818, 819 (1) (375 SE2d 30) (1989); *Nicholson v. State*, 200 Ga. App. 413, 414 (1) (408 SE2d 487) (1991).

In *Johnson*, supra, the defendant threatened to shoot the victim and kept one hand concealed, which led the victim to reasonably

assume he had a gun. *Johnson*, 195 Ga. App. at 57 (1) (a). Such evidence was held sufficient to satisfy the armed robbery statute. Here, Bradford said he had a gun and threatened to kill the victim if she did not cooperate, but the victim never saw a weapon and no evidence was presented that Bradford concealed his hand or acted as though he was holding an offensive object. Compare *Nicholson*, 200 Ga. App. at 414 (1). In fact, the victim specifically testified that she did not know where Bradford's other hand was located or how it was positioned and admitted that she only thought he "possibly" had a gun.

"Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336), but OCGA § 16-8-41 (a) does not require proof of an actual offensive weapon." *McCluskey v. State*, 211 Ga. App. 205, 207 (2) (438 SE2d 679) (1993). In this case, no evidence was offered to establish the physical manifestation requirement necessary to sustain a reasonable inference that Bradford had a gun, a weapon, or any object as alleged in the indictment. Thus, the evidence adduced at trial was not sufficient to enable a rational trier of fact to find all the essential elements of motor vehicle hijacking or to prove that Bradford possessed an object as alleged in the indictment. OCGA § 16-5-44.1; *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992); compare *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Talbot v. State*, 198 Ga. App. 636, 637 (402 SE2d 366) (1991). For these reasons, we reverse Bradford's conviction for hijacking a motor vehicle. Bradford's conviction for attempted robbery by intimidation still stands.

2. In light of the above holding, we need not reach the remaining enumerations.

*Judgment reversed only as to the motor vehicle hijacking conviction. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the reversal of the hijacking conviction because the permissible inference that defendant was "in possession of a firearm" was eliminated by the arresting officer's direct testimony that defendant did not have a gun.

The inference that defendant *did* possess one at the time he threatened to kill the victim with a gun was reasonable. He twice told her he had one and said once that he would kill her with it if she was lying and in fact had the car keys (which she did). She could not see the hand which was not grasping her arm because the laundry basket she was holding with both hands was in the way, so she did not know whether or not the gun he stated he had was in that hand or not. She also testified that he wore a kind of bulky waist-length

quilted jacket. The inference could be drawn that the gun was concealed in it. The victim took the defendant at his word. When the State's attorney asked, "Now, when he told you that he had a gun and told you that if you were lying he would kill you, at that point did you believe that he possibly, in fact, did have a gun?" She responded unequivocally, "Yes." She was "terrified," "scared." Defendant was threatening her and getting impatient with her when the police drove up.

This evidence, including the reasonable inferences, is comparable to the evidence in some of the armed robbery cases, where the conviction was affirmed even though no one testified to actually seeing a weapon. As stated in *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990), "The question is whether the defendant's acts create a 'reasonable apprehension on the part of the victim that an offensive weapon (was) being used,' regardless of whether the victim actually saw the weapon. *Moody v. State*, 258 Ga. 818, 820 (1) (375 SE2d 30) (1989)." The armed robbery statute prohibition "includes concealed offensive weapons provided there is either a physical manifestation of the weapon or some evidence from which the presence of a weapon may be inferred. *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987)." *Johnson*, supra.

Armed robbery occurs when a person, "with intent to commit theft, . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Motor vehicle hijacking occurs when a person "while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." OCGA § 16-5-44.1 (b). As indicated in the majority opinion, the two statutes require comparable proof, with respect to the weapon element.

In this case there was no direct physical manifestation of a weapon, but there was both physical and verbal evidence that strongly supported the inference that defendant possessed one. The physical evidence includes the fact that he grasped the victim by only one hand. The other hand was not seen, so its grasp of a gun was not precluded as fact. Thirdly, his clothing was such that a gun could have been in it without visual detection. There was also direct verbal evidence: defendant twice stated that he had a gun, both intimating that he would use it to compel her relinquishment of her car keys so he could take her car or its contents and directly threatening her with its use should she not surrender them.

The officer, who came upon the scene, could not see the hand of defendant which was not grasping the victim's arm, when he came upon the scene. When the victim ran to the police, defendant stayed

where he was and the officer approached him. The officer searched him and found no weapon, did not see any weapon around the victim's car (which they were close to), and did not see him drop or throw a weapon although he would have seen it if such occurred. Defendant was intoxicated and submitted to the search. During cross-examination defendant's counsel asked the officer, "There is no question that he did not have a gun?" He responded, "No, he did not have a gun."

In light of this evidence, the jury could not find that defendant was "in possession of a firearm" when he attempted to hijack the victim's car. The reasonable inference which was supported by the circumstantial evidence was removed by the stronger positive evidence that none was present.

This differs from, for example, the situation in *Johnson* with respect to the armed robbery of Perry. Johnson himself had intimated that he had a gun in that he threatened to shoot the cashier Perry if she did not give him the cash, and he kept one hand concealed, so she assumed he had a gun. He left the store and was not apprehended until the next month, shortly after obtaining cash from cashier Smith by demanding all the money and pointing at her through his jacket pocket as though he had a weapon concealed. Johnson's conviction for armed robbery of Perry was affirmed, but there was no evidence that immediately after the incident he was searched and no weapon was found. He had ample time to dispose of it or otherwise distance it from his person. As to Smith, the search which yielded no weapon was positive, albeit not conclusive, evidence that he did not have a weapon at the time of the robbery. His conviction of robbery by intimidation for that incident was upheld.

The crime here approximates the victim Smith incident, not the victim Perry incident, because as to both Smith and the victim in this case, the defendant was found to have no weapon. Here the evidence was conclusive, as he was observed continuously by the officer from the time the crime was in progress until after the search of his person and the vicinity where he was standing.

Defendant's own positive statements during the incident, which were effectively used to control the victim's actions and compel her to do as he demanded, are not sufficient to prove he "possess[ed] a firearm," which is an element of the offense. OCGA § 16-5-44.1 (b). Although they were an operative fact in the commission of the crime, as powerful under the circumstances as though he in fact had one, they proved to be fictitious.

The conviction for hijacking must be reversed. Unlike *Talbot v. State*, 198 Ga. App. 636, 638 (1) (402 SE2d 366) (1991), the case need not be remanded for a new trial or for resentencing for the lesser included offense of attempted robbery by intimidation; defendant

already stands convicted of that offense, involving this incident.

DECIDED OCTOBER 31, 1996.

*Kathleen D. Kirwin,* for appellant.
*Harry N. Gordon,* District Attorney, *Richard L. Dickson,* Assistant District Attorney, for appellee.