### A97A2256. KELLER v. THE STATE.
(499 SE2d 713)

JOHNSON, Judge.

A jury found Harry Keller guilty of armed robbery. He appeals from the conviction entered on the verdict.

1. Keller claims the evidence was insufficient to support the conviction because there was no proof that a weapon was used in the bank robbery as alleged in the indictment. We disagree.

"The presence of an offensive weapon or the appearance of such may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but OCGA § 16-8-41 (a) does not require proof of an actual offensive weapon." (Citations and punctuation omitted.) *Terry v. State,* 224 Ga. App. 157, 159 (1) (480 SE2d 193) (1996).

Keller's ex-wife, who contacted authorities a year after the robbery was committed and notified them of Keller's participation in the crime, testified that she did not actually see a gun when she drove Keller to the bank to commit the robbery. However, she testified that the couple had a .44 magnum at home, that Keller showed her the note he planned to give to the teller, which stated that he had "a 44 mag" pointed at her and would shoot if she did not give him the money in her drawer, and that he told his ex-wife he had a gun when she drove him to the bank to commit the robbery.

The bank teller testified that she did not see a weapon, but that the robber handed her a note indicating he had a gun pointed at her and would shoot. When she looked up at him, the man told her he was serious. The teller testified that she was afraid and "didn't question" whether he really had a gun. The note was admitted into evidence. The circumstantial evidence authorized a finding that Keller used a gun to commit the robbery. See *McCluskey v. State,* 211 Ga. App. 205, 208 (2) (438 SE2d 679) (1993); *Nicholson v. State,* 200 Ga. App. 413, 414 (1) (408 SE2d 487) (1991). Compare *Bradford v. State,*

223 Ga. App. 424 (477 SE2d 859) (1996), where, as Judge Beasley points out in her special concurrence, direct evidence that the perpetrator did not have a gun negated the inference that he had one.

2. Because the evidence introduced at trial regarding the presence of a weapon did not demand a verdict of acquittal, Keller's enumeration that the trial court erred in denying his motion for directed verdict on that basis is similarly without merit. See generally *Alford v. State*, 200 Ga. App. 483 (408 SE2d 497) (1991).

3. Keller contends the evidence identifying him as the robber was not sufficient. Specifically, he argues that his ex-wife's testimony in which she admitted helping him plan the robbery, driving him to the bank, waiting for him, driving him away after he jumped into the open trunk of their car, and spending the money was not credible; that there were other possible explanations for the fact that his fingerprints were found on the envelope to which the threatening note was attached, namely that the robber somehow came into possession of an envelope Keller had touched; and that Keller's mother's signed statement to police that Keller told her that he and his wife committed a robbery was not reliable since at trial she claimed to have been on medication at the time and did not recall making the statement.

It is not within the province of this Court to judge the credibility of witnesses. On appeal we are required to view the evidence in a light most favorable to the verdict. See *Page v. State*, 198 Ga. App. 338, 339 (1) (401 SE2d 564) (1991). It was the prerogative of the jury to find Keller's ex-wife's and his mother's pre-trial statements implicating him credible. See id.

It was also for the jury to decide whether Keller's non-specific theory explaining the presence of his fingerprints on the envelope was to be believed. See *Aleman v. State*, 227 Ga. App. 607, 609 (1) (489 SE2d 867) (1997). The jury resolved this issue against Keller. The evidence identifying Keller as the perpetrator of the armed robbery was sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Keller contends the trial court impermissibly allowed the state to place his character in evidence by admitting his fingerprint record from an unrelated offense in another county. We find no abuse of discretion.

The indictment charged Keller with committing armed robbery on September 11, 1992 in Fayette County. The FBI fingerprint document showed July 8, 1993 as the date of the arrest and indicated that the record was being sent to the Coweta County Sheriff's Department. We are uncertain whether the jury was informed of the date Keller was arrested for the armed robbery, although a sheriff's deputy testified that the robbery investigation stalled until Keller's wife reported her husband in October 1993.

Keller is correct that admission of fingerprint cards indicating prior criminal activity may impermissibly place a defendant's character into evidence in violation of OCGA §§ 24-2-2 and 24-9-20 (b). See *Jinks v. State*, 229 Ga. App. 18, 19 (2) (493 SE2d 214) (1997). Admission of fingerprint cards alone, however, does not introduce character into evidence, particularly where crime-identifying information has been redacted. See *Bright v. State*, 265 Ga. 265, 284 (15) (455 SE2d 37) (1995); *McGuire v. State*, 200 Ga. App. 509, 510 (2) (408 SE2d 506) (1991).

One issue, therefore, is whether the fingerprint record as admitted contained any information linking Keller to prior criminal activity. That the fingerprint record indicates a date of arrest and the name of a different county is somewhat problematic. However, the arrest date shown on the fingerprint record in this case was *after* the date of the charged offense. The fact that Keller was arrested after the charged crime was committed does not necessarily imply he was ever arrested for another offense. See *Gates v. State*, 205 Ga. App. 333, 334 (2) (422 SE2d 232) (1992), where we found no undue prejudice to the defendant where a police officer testified that police had the defendant's photograph because he had been arrested; such a statement did not necessarily imply that the defendant had a *prior* arrest. And see *Holloway v. State*, 190 Ga. App. 528, 529 (2) (379 SE2d 542) (1989), where we found no undue prejudice in the admission of a mug shot bearing a date after the commission of and arrest for the charged robbery. Indeed, Keller's fingerprints may have been taken in connection with the investigation of the charged armed robbery. The cases we have found requiring reversal involve clear indications of arrests before the charged offenses occurred, and usually contain more definite references to other crimes. See, e.g., *Strauder v. State*, 207 Ga. App. 365 (2) (427 SE2d 792) (1993), where reversal was required because the fingerprint card included dates of the previous offenses and Code sections identifying the prior crimes. Nor do we agree that an indication on the card that the fingerprints were sent to another county implies a connection with another crime. While the better practice would have been to redact the arrest date and the county name, the admission of the fingerprint card under the circumstances presented in this case does not place the defendant's character into evidence. More importantly, we fail to see how the introduction of this evidence was harmful given the overwhelming evidence of Keller's guilt. See *Gooden v. State*, 204 Ga. App. 62, 64 (2) (418 SE2d 632) (1992); *Woodliff v. State*, 177 Ga. App. 508 (339 SE2d 777) (1986). Considering the nature of the information on the card and the other evidence in the case, we hold that the trial court did not abuse its discretion in allowing the fingerprint card into evidence. See generally *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).

5. Keller claims the trial court erred in allowing the state to introduce, along with the fingerprint card, a photograph taken of him at the same time his fingerprints were lifted. We fail to see how this was prejudicial inasmuch as it contains no information other than "Keller, Harry Craig #16072" on the back; the same numbers appear on the fingerprint card. There being no implication of a prior arrest, we find no error. See *Gates v. State*, 205 Ga. App. 333, 334 (2) (422 SE2d 232) (1992).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998

*Ballard & Ballard, Scott L. Ballard*, for appellant.
*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.