## A99A2059. BRABHAM v. THE STATE.
### (524 SE2d 1)

ELDRIDGE, Judge.

David Brabham appeals a Chatham County jury verdict finding him guilty of armed robbery and false imprisonment. We affirm his conviction.

1. Brabham challenges the sufficiency of the evidence introduced against him, contending that: (a) the State failed to prove that he possessed a weapon or an article having the appearance of such so as to support his conviction for armed robbery; and (b) the State failed to prove that he kidnapped the victim.

(a) A defendant's use of an offensive weapon, or an article having the appearance of such, may be established by circumstantial evidence. *McCluskey v. State,* 211 Ga. App. 205, 207 (2) (438 SE2d 679) (1993). Thus, a conviction for armed robbery may be sustained, even when a weapon was not seen by the victim. Id. What is required is some physical manifestation of a weapon, or "some evidence from which the presence of a weapon may be inferred." (Punctuation omitted.) *Hughes v. State,* 185 Ga. App. 40, 41 (363 SE2d 336) (1987). Proof of an actual offensive weapon is not required. *McCluskey v. State,* supra at 207.

Here, the evidence showed that Brabham entered a CVS Pharmacy with a black plastic bag over his hand and told the victim "I have a gun." This evidence was sufficient to establish the use of an offensive weapon in contravention of our armed robbery statute, OCGA § 16-8-41 (a). "The legislature intended the Code section to encompass armed robbers who have concealed offensive weapons in their pockets or under wraps or other devices[.] [Cit.]" *McCluskey v. State,* supra at 207. The fact that the victim did not see an actual gun and that no gun was ultimately recovered does not alter the fact that, in order to perpetrate the robbery, Brabham used an article having the appearance of an offensive weapon and represented to the victim that it was such. Id.

(b) Brabham contends that the State failed to prove he kidnapped the victim. However, the jury acquitted Brabham of kidnapping and found him guilty instead of the lesser included offense of false imprisonment. In that regard, the victim testified that Brabham forced him at gunpoint to sit on the floor of the pharmacy and remain there, while Brabham found painkillers on the pharmacy shelves. This evidence is sufficient for a rational trier of fact to have

found Brabham guilty of false imprisonment. OCGA § 16-5-41 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brabham was sentenced as a recidivist. In two enumerations of error, he contends that the application of the recidivist statute, OCGA § 17-10-7: (a) violates the constitutional proscription against cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Art. I, Sec. I, Par. VII of the Georgia Constitution; and (b) violates the Separation of Powers doctrine of Art. II, Sec. I, Par. III of the Georgia Constitution.

(a) Brabham's contentions regarding cruel and unusual punishment in relation to sentencing under OCGA § 17-10-7 have been decided adversely to him. See *Ortiz v. State*, 266 Ga. 752 (470 SE2d 874) (1996). Thus, this contention lacks merit.

(b) Brabham argues that, by enacting OCGA § 17-10-7 and that statute's mandatory sentencing scheme, "the legislative branch has squarely stepped into the realm of the judicial (sentencing citizens accused of crimes)," in violation of the Separation of Powers doctrine. However,

> [t]he power to create crimes and to prescribe punishment therefor is legislative. The judge is a mere agent of the law. He has no discretion except as it is given him. The penalty is affixed by law. In the absence of legislation, the judiciary cannot exercise discretion in fixing the quantum of punishment to be inflicted upon criminals. Such power is not one which inheres in the judicial department. Thus it is within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge.

(Citations, punctuation and emphasis omitted.) *Knight v. State*, 243 Ga. 770, 771 (257 SE2d 182) (1979). Accordingly, Brabham's Separation of Powers argument is without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 1999.

*Martin G. Hilliard*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.