## A10A1520. TRAYLOR v. THE STATE.
(699 SE2d 635)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Andre Demond Traylor appeals his conviction for kidnapping with bodily injury,[1] challenging only the sufficiency of the evidence as to the asportation element of the kidnapping. Because we reversed — on the same ground — the kidnapping conviction of Traylor's co-defendant, see *Harper v. State*,[2] we hold that the same record and evidence require a reversal of Traylor's kidnapping conviction here. Of course, this holding does not affect Traylor's other convictions arising out of the trial, as Traylor does not challenge those convictions in any way. We reverse the kidnapping conviction only.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged

---

[1] OCGA § 16-5-40.

[2] *Harper v. State*, 300 Ga. App. 757, 767-768 (11) (686 SE2d 375) (2009).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

offense beyond a reasonable doubt. *Jackson v. Virginia*.[4]

*Harper*, supra, 300 Ga. App. at 757-759, sets forth in detail the evidence presented at the trial. For purposes of this opinion, it is sufficient to recount only the following facts:

> [O]n March 31, 2003, [Traylor and three other men] wearing gloves and masks or bandanas over their faces burst into a jewelry store. They had hammers and a gun. One of the men pointed the gun at the store manager. The men threatened to kill the employees and shoppers, who all complied with their orders to get down on the floor. The men smashed the glass showcases, swiping jewelry pieces from them. One of the men pressed the gun to the head of an employee. Then several of the men pulled that employee off the floor by her neck, arm, and pants and dragged her about 15 feet across the showroom floor to the store's locked safe, kicking her as well. Along the way to the safe, she sustained a torn rotator cuff. That employee complied with their demands to unlock the safe, and the men emptied most of the jewelry out of it.
>
> Within two minutes of having burst into the store, the men darted out, carrying with them a considerable amount of the store's jewelry in dark bags and various other containers. Outside, the gunman realized that they were being watched by a bystander. The gunman pointed the gun at the bystander and ordered him to turn around, and the bystander complied. The four masked men hurried into a [car] that was parked curbside, then sped away.

Id. at 757-758. Police soon apprehended Traylor and the others in a car speeding away from the scene, which car contained jewelry, a gun, and other paraphernalia associated with the robbery.

Traylor and the other men were jointly tried and convicted of the following offenses: (i) aggravated assault, by pointing a pistol at the store manager; (ii) kidnapping with bodily (shoulder) injury, upon the store employee; (iii) armed robbery of that store employee; (iv) aggravated assault, by kicking that store employee about the body with the intent to rob; and (v) aggravated assault, by pointing a pistol at the bystander. In his separate appeal, Traylor challenges only the sufficiency of the evidence as to the kidnapping conviction.

Traylor cites the earlier decision in his co-defendant's appeal (*Harper*, supra, 300 Ga. App. at 767-768 (11)), in which we held that

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the same record failed to show the element of asportation as required by *Garza v. State*.[5] We explained in *Harper*, supra, 300 Ga. App. at 767-768 (11), that, overruling the "slight movement" standard, *Garza* had adopted a test requiring the assessment of four factors to determine whether the movement at issue constituted asportation:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

*Garza*, supra, 284 Ga. at 702 (1).

*Garza* further instructed that an assessment of such factors would determine

> whether the movement in question is in the nature of the evil the kidnapping statute was originally intended to address — i.e., movement serving to substantially isolate the victim from protection or rescue — or merely a "criminologically insignificant circumstance" attendant to some other crime.

Id.

Our Court in *Harper* applied these principles to the evidence presented in the present case as follows:

> Applying the four factors to the evidence here, it is clear that the approximately fifteen-foot movement of the store employee to the safe, which was located in the same jewelry showroom, did not constitute the necessary asportation to support a kidnapping conviction. The movement was of minimal duration and occurred during the course of and incidental to the armed robbery and aggravated assault crimes. And it did not significantly increase the danger the employee already faced as a victim of armed robbery and aggravated assault. Accordingly, [defendant's] conviction for kidnapping with bodily harm must be reversed.

(Footnotes omitted.) Id. at 768 (11).

---

[5] *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008). Subsequent to *Garza*, the kidnapping statute was amended. Ga. L. 2009, p. 331, § 1. Because the amendment applies to crimes committed on or after July 1, 2009, it is inapplicable to this case. See *Brower v. State*, 298 Ga. App. 699, 706 (2), n. 3 (680 SE2d 859) (2009).

YALE LAW LIBRARY

The State here makes no attempt to distinguish *Harper* or to have *Harper* overruled, but simply repeats the arguments we rejected in *Harper*. We discern no reason to deviate from *Harper*'s controlling ruling, which was based on the same evidence.[6] Accordingly, we reverse Traylor's conviction for kidnapping with bodily injury. His other unchallenged convictions, which include a life-without-parole sentence for armed robbery, stand. There is no need for resentencing. See *Bradford v. State*.[7]

*Judgment reversed only as to kidnapping conviction. Barnes, P. J., and Bernes, J., concur.*

DECIDED JULY 19, 2010.

*Donna A. Seagraves, Carrol L. Fleming*, for appellant.
*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[6] Notably, as all men were wearing masks, no witness was able to identify which defendant performed which acts.

[7] *Bradford v. State*, 223 Ga. App. 424, 426 (1) (477 SE2d 859) (1996).