## A97A0870. THRASHER v. THE STATE.
(484 SE2d 755)

BLACKBURN, Judge.

Danny K. Thrasher appeals his convictions of aggravated assault on a police officer, driving under the influence, driving with a suspended license, and fleeing and attempting to elude. On appeal, Thrasher contends the trial court erred in denying his motion for new trial based on disparaging remarks a potential juror made about him. He also claims that the evidence was insufficient to support his convictions.

1. The evidence viewed in the light most favorable to the verdict indicates that deputies of the Oconee County Sheriff's Office were conducting a driver's license check on Epps Bridge Road when Thrasher drove his blue Datsun through the check point without stopping. Deputy Reed testified that he was checking the driver's license of someone in a stopped car when Thrasher's vehicle came at him, causing him to jump out of the way to avoid being hit. Deputy Reed was able to see Thrasher's face as the vehicle drove past him. Deputy Reed also saw the first three letters of the license plate on the Datsun.

After a search, Thrasher's vehicle was located a short distance from the roadblock in front of a mobile home. The motor on the car was still hot from being recently driven. Thrasher was agitated and sweaty. He had bloodshot eyes, slurred speech, and was unsteady on his feet. Deputy Reed and Deputy Aguilar testified that Thrasher was under the influence of alcohol to the extent that it was less safe for him to drive a motor vehicle.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury

to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Scott v. State,* 223 Ga. App. 479, 480-481 (1) (477 SE2d 901) (1996).

Although Thrasher and his witnesses testified that he was at home all night, the jury is the ultimate judge of witness credibility and resolver of conflicts in the evidence. Thrasher contends there was no evidence of his intent to commit aggravated assault, however, inasmuch as he drove his car through a roadblock toward a uniformed officer who was clearly visible, this evidence is sufficient to find the requisite intent for aggravated assault. See OCGA § 16-2-6 (jury may find intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances"). As competent evidence supports the jury's verdict, it will be upheld.

2. Thrasher contends the trial court erred in denying his motion for new trial based upon comments made by a juror. After the jurors had been selected, a juror reported that another juror had made comments about Thrasher prior to jury selection. The trial court questioned the juror who stated she did not talk about Thrasher and that she did not know Thrasher. Thrasher's counsel moved to have the juror removed. The court granted this motion and replaced the juror with the first alternate juror. Thrasher made no further objection to the makeup of the jury.

"Generally, the failure of a party to raise an objection to the [makeup] of the jury until after the return of the verdict constitutes a waiver of the issue on appeal. In addition, errors not raised at trial will not be considered." (Citation and punctuation omitted.) *Scott v. State,* 219 Ga. App. 798 (1) (466 SE2d 678) (1996). As Thrasher failed to raise any objection at trial, this issue has not been preserved for appeal.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 25, 1997.

*Anthony T. Pete, Thomas J. Killeen,* for appellant.
*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney,* for appellee.