## A99A1187. HUGGINS v. THE STATE.
(521 SE2d 888)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of two counts of possession of a firearm by a convicted felon. The evidence which authorizes these convictions, construed so as to uphold the jury's verdicts (*Burns v. State*, 166 Ga. App. 766, 768 (3) (305 SE2d 398)), reveals that defendant was convicted of first degree forgery on March 16, 1993, and was thereafter found to be in possession of a handgun on June 7, 1997, and again on July 18, 1997. City of Palmetto Police Officer Ron Hilton investigated both incidents. His testimony reveals the following:

On June 7, 1997, Officer Hilton arrived at the scene of a reported armed conflict and learned from eyewitnesses that defendant may have been involved. About one and one-half hours later, Officer Hilton spotted defendant in the driver's seat of a parked car. The officer noticed that a woman was sitting next to defendant in the car's front passenger seat and that three men were in the car's rear passenger seat. Officer Hilton blocked defendant's car with his police cruiser, stepped out with his gun drawn and "hollered where is the gun[?]" In response, defendant "slouched over the steering wheel[,] pulled . . . something out from under the seat and [handed] it over to the passenger which would have been a juvenile female." The juvenile female then leaned "over to her left taking what was given to her

and she straightened back up, slouched over in a position and she stuck what seemed to be something under the seat." Defendant then denied being in possession of a gun. But after Officer Hilton found a handgun under the car's front passenger seat, defendant explained, "man that's my wife's gun. You can't charge me with my wife's gun."

On July 18, 1997, Officer Hilton was summoned to defendant's home on a domestic disturbance call. Because defendant's wife "had hand marks on her neck and looked like she had been shoved about the face," Officer Hilton went looking for defendant and later spotted him in a car with defendant's brother. A brief high-speed car chase ensued, but ended when Officer Hilton cornered the fleeing car in "a dead end cul-de-sac street." Defendant "bailed out" of the car and ran. Officer Hilton gave chase, but stopped the pursuit when defendant reached for "a black automatic pistol [that was tucked] inside of his pants belt."

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. A certified copy of defendant's conviction for first degree forgery on March 16, 1993; Officer Hilton's testimony regarding his discovery of a handgun under the passenger seat of defendant's car on June 7, 1997; Officer Hilton's testimony regarding his observation of a handgun in defendant's belt on July 18, 1997; and similar transaction proof that defendant was in possession of his wife's handgun again on August 4, 1997 are sufficient evidence to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of both counts of possession of a firearm by a convicted felon as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's challenge to Officer Hilton's credibility was a matter for submission to the jury — not for this appellate court. *Thrasher v. State*, 225 Ga. App. 717 (1) (484 SE2d 755).

2. Defendant contends he was entitled to a mistrial because Officer Hilton improperly injected defendant's spouse's on-the-scene statement regarding defendant's possession of a handgun on July 18, 1997, in violation of the trial court's pre-trial directive for the State not to mention this testimony. Although we agree that the State improperly violated the trial court's directive not to mention defendant's wife's out-of-court statement — which is inadmissible under *Momon v. State*, 249 Ga. 865 (294 SE2d 482), the trial court's instruction for the jury to disregard this testimony, and taking into consideration Officer Hilton's positive testimony that he stopped chasing defendant when he observed defendant, at arm's length, reach for a handgun that was tucked in defendant's belt, renders it highly unlikely that Officer Hilton's improper testimony regarding defendant's wife's out-of-court statement contributed to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

Decided August 30, 1999.

*Sanders, Haugen & Sears, Walter S. Haugen*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney*, for appellee.