## A99A1523. DIXON v. THE STATE.
### (521 SE2d 926)

MILLER, Judge.

Michael Dixon was convicted of aggravated battery (shooting a victim in the back resulting in paralysis), aggravated assault (shooting a victim in the chest), and possession of a firearm during the commission of a felony. He appeals on general grounds.

The victim, who identified Dixon with certainty in a pre-trial photo lineup and in court, testified unequivocally that Dixon shot him twice, in the chest and in the back, in broad daylight and at close range. The back wound resulted in temporary paralysis in the victim's lower body and in permanent paralysis in three fingers. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. The police's inability to recover the gun does not change this analysis. *Barber v. State*, 236 Ga. App. 294, 298 (3) (512 SE2d 48) (1999). Moreover, two of Dixon's friends testified that soon after Dixon departed from their group toward the scene of the crime, they heard gunshots, whereupon Dixon immediately returned and announced to one, "I got him." Dixon also admitted to police that he had carried a gun that day.

Dixon urges that because the State's witnesses contradicted each other on various points, no rational trier of fact could have found guilt beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S.

307 (99 SC 2781, 61 LE2d 560) (1979). But

> [c]onflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Thrasher v. State*, 225 Ga. App. 717-718 (1) (484 SE2d 755) (1997).

The evidence adduced at trial was sufficient to sustain the convictions.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 2, 1999.

*Hal T. Peel*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Daniel E. Ellis, James S. Archer, Assistant District Attorneys*, for appellee.