## A99A1858. GODDARD v. THE STATE.
(529 SE2d 184)

ANDREWS, Presiding Judge.

David Anthony Goddard appeals from the judgment entered after a jury found him guilty of DUI. Goddard claims the evidence was insufficient to support the verdict and also that the trial court erred in refusing to give his request to charge on the definition of "alcohol concentration." We find no error and affirm.

The evidence at trial, viewed in the light most favorable to support the jury's verdict, was as follows. The arresting officer testified that he first noticed Goddard because he was speeding. The officer turned around to catch up to Goddard and, when he was pulling up behind him, saw that Goddard was weaving across the roadway. The officer said that at one point Goddard was driving with his car straddling the double yellow line.

The officer pulled Goddard over and, when he walked up to the car, noticed a strong odor of alcohol. Goddard first told the officer he had not had anything to drink but later admitted to having three beers. Goddard tested positive for alcohol after blowing into the alcosensor, and the officer then asked him to perform several field sobriety tests. After watching him perform the field sobriety tests, the officer arrested Goddard for the traffic offenses and for DUI.

Goddard agreed to take a breath test, and the arresting officer administered the test, using the Intoxilyzer 5000. The first breath sample taken registered 0.067 grams percent, and the second sample registered 0.072 grams percent. The officer also testified that at the time of the arrest, Goddard was 20 years old.

At trial, the jury convicted Goddard of driving with an alcohol concentration of 0.02 grams or more when he was under the age of 21. This appeal followed.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995).

1. Here, the State presented sufficient evidence from which a rational trier of fact could find that Goddard was less than 21 years

old and was driving with a blood alcohol level of 0.02 grams or more. *Jackson v. Virginia*, supra.

2. Nevertheless, Goddard claims that because the officer did not know how the machine operates, he could not and did not testify that the numbers represent grams of alcohol per 210 liters of breath, and therefore, without proof of alcohol concentration as required by the statute, the evidence was insufficient. We disagree. This Court rejected that argument in *Banks v. State*, 235 Ga. App. 701, 703 (509 SE2d 63) (1998), holding that testimony that the "[I]ntoximeter registered .18 grams percent" was sufficient. (Punctuation omitted.) Id. Also, in *Brannan v. State*, 261 Ga. 128, 129 (401 SE2d 269) (1991), the court held that Breathalyzer results showing a blood alcohol level of 0.18 grams were sufficient under the standard of *Jackson v. Virginia*, supra; see also *Rowell v. State*, 229 Ga. App. 397, 399 (494 SE2d 5) (1997); *Harris v. State*, 199 Ga. App. 457, 459 (405 SE2d 501) (1991).

3. Goddard also argues that the trial court erred in refusing to give the following charge: " 'Alcohol concentration' means grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." Goddard cites to no case law that supports his claim that failure to give the requested charge was error, and we find none.

> A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; . . . and it must not be so phrased so as to have tendency to confuse and mislead the jury or to becloud the issues in the case.

*Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 147 (497 SE2d 275) (1998). Here, the State objected to the charge, arguing that it was not relevant and would only confuse the jury. The court agreed, stating that grams of alcohol had never been mentioned in connection with liters of breath and the definition was not relevant in this case because there was no dispute about the accuracy of the machine.

A trial court does not err in refusing to give a confusing or misleading instruction. *Grimsley v. State*, 233 Ga. App. 781, 785 (505 SE2d 522) (1998). Further, the jury charge as a whole substantially presented the issues in a way not likely to confuse the jury. Therefore, there was no error in refusing to give the requested charge. *Jordan v. State*, 220 Ga. App. 627, 630 (470 SE2d 242) (1996).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 1, 2000.

*Moulton & Massey, John W. Moulton*, for appellant.

*Richard R. Read, District Attorney, Robert G. Mikell, Assistant District Attorney*, for appellee.