## A04A1539. COTHRAN v. THE STATE.
### (603 SE2d 762)

RUFFIN, Presiding Judge.

A jury found Ernest Cothran guilty of burglary.[1] Cothran appeals, contending that the evidence was insufficient to support his conviction. Cothran also asserts that the trial court erred in sentencing him as a recidivist. For the reasons that follow, we affirm.

On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[2] We neither resolve conflicts in the evidence nor assess witness credibility, but merely determine the legal sufficiency of the evidence.[3]

Viewed in this manner, the evidence shows that, on January 6, 1998, Deputy Spraggins of the Chattooga County Sheriff's Department responded to a security system alarm at Tommy Stinson's residence. He noted a vehicle leaving a dirt road that ran behind the Stinson residence, stopped the vehicle, briefly questioned the occupants, and then let them go. After examining the exterior of the residence and observing signs of a break-in, Spraggins saw the same vehicle pass by. He followed the vehicle and pulled it over.

---

[5] *Grant,* supra.

[1] Cothran also was found guilty of possessing marijuana, possessing a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He does not directly challenge these convictions on appeal.

[2] *Smith v. State,* 247 Ga. App. 173 (543 SE2d 434) (2000).

[3] See *Bales v. State,* 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

Spraggins conducted a "pat-down" of Cothran, a passenger in the vehicle, in order to check for weapons to ensure safety while conducting the investigation. During that "pat-down," Spraggins found a green leafy substance that appeared to be marijuana, as well as several bullets. Spraggins then searched the vehicle, finding a coin collector's book and a Social Security card, both bearing the Stinson name. Cothran told Spraggins that there was a pistol in the armrest, and Spraggins removed the pistol from the vehicle. Further investigation of the vehicle revealed, among other things, another 9mm pistol, two coin book collections belonging to Stinson, and a cash withdrawal slip with Tommy Stinson's name on it.

1. Cothran claims that his presence where the crime was committed and his possession of the stolen goods is insufficient to support his conviction for burglary. We disagree.

Pursuant to OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." As we have previously noted

> [r]ecent possession of stolen goods will not automatically support a guilty verdict for theft or burglary. . . . Instead, recent possession is to be viewed as probative evidence of the crime, and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.[4]

Here, Cothran's possession of the stolen goods must be viewed along with his presence near the scene. This evidence is sufficient to support the jury's decision to find Cothran guilty of burglary.[5]

2. Cothran also argues that he was improperly sentenced as a recidivist and that the State did not give him notice of intent to use a prior offense in aggravation of punishment, as required by OCGA § 17-10-2 (a). We disagree.

Georgia law provides that "[a] person convicted of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than 20 years."[6] Pursuant to OCGA § 17-10-2, the trial court may, at the sentencing hearing, hear evidence of any prior criminal convictions provided that the State makes such evidence known to the defendant before the trial. Here, Cothran was sentenced to the maximum penalty of 20 years. During the sentencing hearing,

---

[4] (Citations and punctuation omitted.) *Abernathy v. State*, 214 Ga. App. 364, 365 (1) (448 SE2d 30) (1994).

[5] See id.

[6] OCGA § 16-7-1 (a).

the State noted that it was presenting nothing in aggravation, other than a prior conviction for burglary that had already been introduced at trial. Cothran objected, stating that he had received no prior notice that the conviction was going to be used in aggravation of sentencing. The Court overruled the objection, stating that the prior conviction was set forth in the indictment and introduced at trial.

If Cothran was sentenced as a recidivist, then OCGA § 17-10-2 would require either a recidivist charge in the indictment or some other affirmative notice to the defendant that his prior offenses would be used against him for recidivist purposes during sentencing.[7] However, Cothran points to no evidence in the record that he was so sentenced. In fact, at sentencing, the trial court specifically set forth its reasons for imposing the maximum penalty, including its concern that Cothran had told a "bold faced" lie after swearing to tell the truth, and that he had endangered the lives of officers by carrying a loaded weapon while drinking. Nowhere does the court mention Cothran's prior conviction or that such conviction in any way factored into the court's decision. Under these circumstances, Cothran has not shown that he was sentenced as a recidivist, and therefore we presume that the sentence was correctly imposed.[8]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED AUGUST 25, 2004.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney*, for appellee.

---

[7] See *State v. Freeman*, 198 Ga. App. 553, 556-557 (3) (402 SE2d 529) (1991).
[8] See id.