A05A1917. ROBERTS v. THE STATE.
(627 SE2d 446)

BERNES, Judge.

A Tift County jury found Gregory Roberts guilty of armed robbery and burglary. In this appeal, Roberts challenges only the sufficiency of the evidence. We affirm.

When reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and do not assess the credibility of the witnesses or reweigh the evidence. *Green v. State*, 244 Ga. App. 565, 565-566 (1) (536 SE2d 240) (2000). As long as the record contains competent evidence to support each element required to make out the prosecution's case, the verdict will be upheld. *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

So viewed, the evidence shows that on the night of August 25, 2002, as victim Tabor and her neighbor, Jackson, were watching television, two men suddenly rushed into Tabor's apartment. The first man, wearing a brown stocking pulled down over his face, pointed a shotgun in Jackson's face and demanded money. The second man had a red bandanna tied across his mouth and held a knife. Although Jackson did not recognize the man brandishing the shotgun, she recognized and knew the second man by his street name of "Tee." The men demanded money. As the gunman ransacked the apartment pulling out drawers and throwing clothing on the floor, "Tee" stood over the women holding the knife. The robbers took approximately nine or ten dollars in coins, some change in a vase, and a handgun.

Two days later, Jackson selected the photograph of Timothy Johnson, known to her as "Tee," from a photographic array. When

separately shown the same photographic array, Tabor readily recognized Johnson. Shortly after arresting and interviewing Johnson, investigators obtained warrants to arrest Roberts and to search his residence.

Later that same day, when investigators converged on Roberts' residence, Roberts was standing outside holding a bag of groceries. An officer directed Roberts to get on the ground. Roberts ignored the command, dropped the groceries, and took off running. Officers chased Roberts and discovered Roberts hiding in a bedroom closet of an apartment. Inside his back pocket was a switchblade knife.

During a search of Roberts' residence, investigators found the RG 22 revolver, which had been stolen from Tabor's residence, in a drawer in Roberts' bedroom. Officers also found a red bandanna and a brown stocking cap in his bedroom. In an adjacent room, investigators found two shotgun shells.

At trial, both women identified the brown stocking cap as the one worn by the man with the shotgun in the robbery. Both women testified that the knife found in Roberts' pocket was the same as or similar to the one used in the robbery. Both women also recognized the red bandanna as the one worn by Johnson, the perpetrator wielding a knife.

The state also offered the testimony of Johnny Jones, who was in magistrate court at the same time as Roberts and Johnson. Jones testified that he overheard Roberts arguing with another man, asking something to the effect of "why did you snitch on me?" Jones testified that after Roberts posed the question, Roberts hit the man then "[t]hey went to fighting."

Roberts contends the state failed to prove his identity as the perpetrator of either the armed robbery or the burglary. As to the armed robbery, he also claims the state failed to prove that he used an offensive weapon.[1] He points out that he was acquitted of the charge of possession of a firearm during the commission of a felony and that no shotgun was ever produced or discovered by the state.

Two days after the crimes were committed, Roberts admittedly possessed a gun stolen in the armed robbery and burglary. While the unexplained (or unsatisfactorily explained) possession of goods stolen in an armed robbery or burglary gives rise to an inference of guilt,

---

[1] "Armed robbery occurs when, with the intent to commit theft, a person takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article or device having the appearance of such weapon. OCGA § 16-8-41 (a)." (Punctuation and emphasis omitted.) *Colkitt v. State*, 251 Ga. App. 749, 750-751 (1) (555 SE2d 121) (2001). See also *Brabham v. State*, 240 Ga. App. 506 (1) (a) (524 SE2d 1) (1999). The indictment charged Roberts with armed robbery "by use of an article having the appearance of a sawed-off shotgun."

it does not automatically support a guilty verdict. *Cothran v. State*, 269 Ga. App. 256, 257 (1) (603 SE2d 762) (2004). We construe such evidence as "probative evidence of the crime, [which we] review[ ] along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt." Id. See also *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002). "Whether a defendant's explanation of possession is satisfactory is a question for the jury." Id. at 713 (1).

Here, Roberts not only possessed the stolen gun, he also possessed items used during the commission of the crime. As the fact-finder and ultimate judge of witness credibility, the jury was under no obligation to embrace Roberts' explanations as to how those objects came to be inside his home. See *Thrasher v. State*, 225 Ga. App. 717, 718 (1) (484 SE2d 755) (1997). Roberts' recent possession of the stolen gun and other items, taken together with evidence of his flight from law enforcement officers as well as his courthouse encounter with Johnson, was sufficient to support the jury's verdict finding Roberts guilty beyond a reasonable doubt of the armed robbery and burglary at Tabor's residence. See *Cothran*, 269 Ga. App. at 257 (1); *Jones v. State*, 209 Ga. App. 138, 139 (433 SE2d 106) (1993).

And because Johnson was identified as the assailant wielding the knife, the evidence was likewise sufficient to establish that Roberts was the perpetrator who brandished the gun. The state's failure to produce or ever locate the weapon used by Roberts is immaterial. There is no requirement that the state produce the weapon used in an armed robbery in order to sustain a conviction. See *McCluskey v. State*, 211 Ga. App. 205, 207 (2) (438 SE2d 679) (1993). The fact that Roberts was acquitted of the charge of possession of a firearm during the commission of a felony is likewise immaterial. Georgia does not recognize the inconsistent verdict rule, and thus Roberts may not use his acquittal on one count to challenge the factual findings of guilt on a separate count. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 23, 2006.

*Lon P. Kemeness*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.