## A07A2373. CHAMBERS v. THE STATE.
(654 SE2d 451)

BLACKBURN, Presiding Judge.

Following a jury trial, Kenneth Chambers appeals his burglary conviction, contending that the trial court erred in denying his motion for directed verdict that asserted insufficient evidence. As Chambers possessed and pawned many of the stolen goods within hours of the burglary, and as Chambers was at the burglary site immediately after the burglary was discovered, the evidence sufficed to sustain the verdict.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." *Hash v. State.*[1] When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[3]

So viewed, the evidence shows that one morning around 11:00 a.m., a woman returned to her home for lunch, only to find that numerous items had been stolen after she had left for work that morning at 8:00 a.m. Once she called the police, she discovered Chambers coming from behind her home, who asked if a certain man lived there and was told no. Chambers left, and when police arrived, an officer found evidence that the home had been forcibly entered. By 1:00 p.m., Chambers had sold one of the items stolen from the home to a nearby pawnshop, and that same day sold more items to a second nearby pawnshop. The next day, police found on Chambers's person two knives stolen from the home, and after obtaining a search warrant, searched his nearby motel room that day and found more stolen items from the home.

Indicted for burglary[4] and theft by receiving,[5] Chambers pled guilty to the theft by receiving charge but contested the burglary charge. At trial he admitted that, on the day of the burglary, he possessed many of the stolen goods and sold some to local pawn shops; however, he claimed that he had purchased them that morning from another man and that he was on his way to buy more from that man

---

[1] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 16-7-1 (a).

[5] OCGA § 16-8-7 (a).

when he crossed from behind the residence and asked if that man lived there. After the court denied his motion for a directed verdict (which asserted insufficient evidence), the jury found him guilty on the burglary charge, giving rise to this appeal.

"Evidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary." (Punctuation omitted.) *Davis v. State.*[6] Thus, once the State has shown that goods were stolen in a burglary, "absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury. . . ." Id. A verdict of guilt reflects the jury's dissatisfaction with defendant's explanation. Id.

> Even if this alone were not enough, the strong inference of guilt arising from possession within hours of the theft (the nearer the possession to the time of the theft, the stronger will be the inference of guilt) was compounded by the manner in which [Chambers] disposed of the goods, namely pawning them within hours of the theft.

(Punctuation omitted.) *Davis*, supra, 275 Ga. App. at 716 (1). Combined with Chambers's presence at the scene of the burglary shortly after the burglary occurred, such constituted ample evidence to sustain a finding of guilt on the burglary charge. See *Cothran v. State.*[7] The trial court did not err in denying Chambers's motion for directed verdict.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED NOVEMBER 21, 2007.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.

---

[6] *Davis v. State*, 275 Ga. App. 714, 716 (1) (621 SE2d 818) (2005).
[7] *Cothran v. State*, 269 Ga. App. 256, 257 (1) (603 SE2d 762) (2004).