A08A1024. REED v. THE STATE.
(668 SE2d 1)

MIKELL, Judge.

A Thomas County jury convicted Torianto Mandrell Reed of armed robbery (Count 1), aggravated assault (Count 2), burglary (Count 3), and possession of a firearm during the commission of a crime (Count 4). Reed was sentenced to ten years each on the armed robbery, aggravated assault, and burglary offenses, to be served consecutively and five years on the possession of a firearm charge to serve consecutively to the thirty years. On appeal, Reed challenges the sufficiency of the evidence and argues that the armed robbery and aggravated assault charges should have been merged. We affirm Reed's conviction but remand for resentencing because Count 2 merges with Count 1.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on January 15, 2005, Michael King was asleep on

([cits.]) and application of a statute's terms to undisputed facts is a question of law. [Cits.]").

[1] *Lenon v. State*, 290 Ga. App. 626 (1) (660 SE2d 16) (2008).

the couch in his home when he was awakened by appellant Reed, whom he knew from school and through mutual friends. King testified that Reed stood outside of the window, identified himself, and then said that he wanted some money and would come into the house if King took too long. Reed also said, "just to let you know I'm for real," then cocked his gun. King further testified that at that point, he yelled out to his mother, who was also in the house along with his little sister; that the door to the house was secured with a board across it; that Reed kicked the door and came inside, holding a shotgun; and that he did not give Reed permission to enter the house. Reed pointed the gun at King and threatened to shoot him if he did not give Reed money. King testified that he fought with Reed over the gun and that his mother walked into the room. She called 911 and told King to give Reed the $100 that was sitting on top of the VCR so that he would leave.

King's mother, Gloria King, testified that she walked into the room where her son and Reed were "tussling" over a shotgun, and Reed was demanding money and threatening to start shooting. Ms. King stated that the back door to the house had been forced open and that she was afraid for herself and her younger child. Ms. King confirmed her son's testimony that she called the police and told her son to give Reed the money.

Officer Vince Ponder of the Thomasville Police Department testified that he responded to the call; that King told him what happened, gave him Reed's name, and showed him the broken door; that Ms. King and a child were present but that he did not talk extensively with Ms. King; and that based on the condition of the door, he concluded that it had been forced open. On cross-examination, Ponder acknowledged that there was no physical evidence placing Reed at the scene.

1. Reed contends that the evidence was insufficient to support his convictions due to the inconsistencies between King's written statement and that of his mother. Specifically, Reed relies on the fact that King's statement did not reflect that his mother was present when the incident occurred. However,

> [r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the fact-finder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

---

[2] (Footnotes omitted.) Id. at 626-627 (1).

"Armed robbery occurs when, with the intent to commit theft, a person takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article or device having the appearance of such weapon. OCGA § 16-8-41 (a)."[3] "A person commits the offense of aggravated assault when he or she assaults [w]ith intent to . . . rob; [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[4] A burglary is committed when a person "without authority and with the intent to commit a . . . theft therein, . . . enters or remains within the dwelling house of another."[5] "OCGA § 16-11-106 (b) (1) makes it a crime for any person to have a firearm during the commission of a crime against a person."[6] King testified that Reed, by use of a weapon, demanded money and threatened King from outside of King's window, then unlawfully entered King's home with the gun, threatened to shoot King, and took money from King. As the testimony of a single witness is generally sufficient to establish a fact,[7] King's testimony, alone, sufficiently supported Reed's convictions. Thus, this enumerated error fails.

2. Reed argues that the trial court should have merged the armed robbery and aggravated assault counts for sentencing purposes, and consequently, the sentence imposed should be vacated. We agree.

"Aggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact."[8] We determine whether one crime is included in another as a matter of fact by applying the "required evidence" test adopted recently by our Supreme Court.[9]

> . [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory

---

[3] (Citations and punctuation omitted.) *Roberts v. State*, 277 Ga. App. 730, 731, n. 1 (627 SE2d 446) (2006).

[4] OCGA § 16-5-21 (a) (1)-(2).

[5] OCGA § 16-7-1 (a).

[6] *Lenon*, supra at 628 (1).

[7] OCGA § 24-4-8.

[8] (Punctuation and footnote omitted.) *Bunkley v. State*, 278 Ga. App. 450, 455 (2) (629 SE2d 112) (2006).

[9] *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006). "The Supreme Court stated that the test specifically applies to determine whether one crime is included in another within the meaning of OCGA § 16-1-6 (1), and we [have] presume[d] [that the test also] applies to OCGA § 16-1-7 (a) (1)." (Citation omitted.) *Mercer v. State*, 289 Ga. App. 606, 609 (3), n. 8 (658 SE2d 173) (2008).

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . [T]he important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.[10]

Count 1 of the indictment charged Reed with armed robbery and states that he took money "from the immediate presence of Michael King, by use of a certain pump shotgun, same being an offensive weapon." Count 2 charged the offense of aggravated assault, stating that Reed "unlawfully, knowingly, willfully and intentionally [made] an assault upon the person of Michael King with a certain firearm, same being a deadly weapon." In this case, Reed used the gun to demand money from King from outside of King's window and then unlawfully entered the house, using the gun to take the money. Because the two convictions were based on the same conduct (pointing the gun at King with the intent to rob him), merger was required.[11] Accordingly, we vacate the sentence imposed under Count 2, remand the case for re-sentencing, and direct the trial court to merge Count 2 into Count 1.

*Judgment affirmed, sentence vacated in part and case remanded for re-sentencing. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 3, 2008.

*James C. Bonner, Jr.,* for appellant.

---

[10] (Punctuation and footnotes omitted.) *Drinkard*, supra at 215-216. Accord *Garza v. State*, 285 Ga. App. 902, 906 (5) (648 SE2d 84) (2007). See also *Garibay v. State*, 290 Ga. App. 385, 386 (2) (659 SE2d 775) (2008).

[11] See *Curtis v. State*, 275 Ga. 576, 578-579 (2) (571 SE2d 376) (2002) (armed robbery and aggravated assault convictions merged where defendant brandished gun in the course of an armed robbery, and there was no other evidence that gun was used for any other reason); *Kirk v. State*, 271 Ga. App. 640, 645 (3) (610 SE2d 604) (2005) (armed robbery and aggravated assault convictions merged where defendant pointed gun at victim twice during course of robbery). Compare *Blocker v. State*, 265 Ga. App. 846, 848 (2) (a) (595 SE2d 654) (2004) (no merger where defendant pointed gun at victim and ordered him to get on his knees, completing the crime of aggravated assault, then continuing to point the gun, demanded the victim's cell phone, completing the armed robbery).

*J. David Miller, District Attorney, James L. Prine II, Catherine M. Smith, Assistant District Attorneys,* for appellee.