A10A2217. GRANT v. THE STATE.
(705 SE2d 910)

MIKELL, Judge.

Wayne Grant was convicted of burglary and was sentenced as a recidivist to serve 20 years in confinement. He appeals from the order denying his motion for new trial, challenging the sufficiency of the evidence and the trial court's denial of his motion in limine. We find no error and affirm.

1. Grant contends that the evidence is insufficient to support his conviction of burglary because the state failed to prove an essential element of the crime, specifically that he entered the victim's store with the intent to commit a theft therein.[1]

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[2] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Properly viewed, the evidence adduced at trial shows that at approximately 3:00 a.m. on May 28, 2004, the police notified Mi Hae Rivera that her store, Glennville Beauty Supply, had been broken into. The police had responded to an alarm at the store, and when they arrived, they discovered that the glass in the front door had

---

[1] A person commits burglary by entering or remaining within the premises of another without authority and with the intent to commit a felony or theft therein. OCGA § 16-7-1 (a).

   [2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

   [3] (Footnote omitted.) *Leonard v. State*, 268 Ga. App. 745 (1) (603 SE2d 82) (2004).

been shattered and a glass showcase had been busted. Rivera confirmed that numerous silver rings and other jewelry had been taken from the showcase. The police found several rings in the road across from the store, and Rivera identified them as belonging to her.

The police were able to collect blood samples from the front door and from the broken glass that had fallen inside the showcase. A forensic biologist employed by the GBI performed a DNA analysis on one of the blood samples and testified that it matched Grant's DNA sample, which was admitted by stipulation.[4]

Danny Scott Lynn, who supervised the investigation for the Glennville Police Department, testified that he was able to determine that Grant had distributed the stolen jewelry to several individuals in the community, including his daughter, Latisha Doe. Doe testified for the state, confirming that Grant had given her approximately ten rings during the end of May 2004.

Lynn obtained an arrest warrant for Grant and interviewed him on June 18, 2004. Grant gave a statement, which Lynn read into evidence. Grant stated that his vehicle ran out of gas, so he began walking down the street where the victim's store was located. Grant said that he saw two black juveniles, whom he could not describe, exit the store. According to Grant, he pulled back the damaged glass on the front door, cutting his hand, and "placed one foot inside the store and looked around to see if the boys were inside the store." Grant also stated, however, that he fled as soon as he saw a police car. He further stated that he picked up 25 to 30 rings as he was walking down the street, traded two of them "for a dime bag of crack rock," gave his daughter, Doe, "7 to 12 pieces of jewelry," and then sold the rest for crack cocaine.

Citing his statement that he only entered the store to investigate the break-in, Grant argues that the circumstantial evidence failed to exclude every reasonable hypothesis except that of guilt under OCGA § 24-4-6. We disagree.

> Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.[5]

---

[4] The state indicates in its brief that the GBI tested the blood sample taken from the showcase, but this cannot be discerned from the record, as the expert witness did not identify the sample, and the exhibits containing the samples were not included in the appellate record.

[5] (Citation omitted.) *Robles v. State*, 277 Ga. 415, 417 (1) (589 SE2d 566) (2003).

YALE LAW LIBRARY

Furthermore, "[w]hether the defendant entertained an intent to commit a theft after entering is a matter for the jury to say, under the facts and circumstances proved."[6] In the case at bar, ample evidence supports the jury's verdict. Grant's blood in the store demonstrated his presence therein, and the jury was entitled to reject his explanation for entering the premises.[7] Further, an unsatisfactory explanation for recent possession of stolen items will support a conviction for burglary, and it was for the jury to decide whether Grant's explanation for the manner in which he came into possession of the stolen items was satisfactory.[8] And Grant's flight from the police showed consciousness of guilt.[9] It follows that the evidence was sufficient to support his conviction.

2. Grant complains that the trial court erred in denying his motion in limine to redact references to his drug transactions from his statement. Grant contends that the references were irrelevant to the burglary charge and impermissibly placed his character in evidence. We disagree. "[T]he [s]tate is entitled to present evidence to establish that there was a motive, and evidence that the defendant used drugs is relevant to prove that he had a motive for committing the crime and is not rendered inadmissible by the fact that it incidentally puts his character in issue."[10] Here, the jury was entitled to infer from Grant's statement that one motive for the burglary was to obtain jewelry to sell or exchange for crack cocaine.

Contrary to Grant's contention, *Robinson v. State*[11] is distinguishable. In that case, we held that the defendant's statement, which included admissions of prior independent sales and use of cocaine, was erroneously admitted into evidence because the reference to those crimes "did not constitute an integral part of a criminal confession nor was each statement an inseparable part of the total oral statement made to [the police officer]."[12] Here, Grant's admission that he traded many of the stolen rings for crack cocaine was integral to his motive for the burglary and was an inseparable part of his statement. The trial court did not err in denying the motion in limine.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[6] (Citation omitted.) *Price v. State*, 303 Ga. App. 589, 591 (2) (693 SE2d 826) (2010).

[7] Id. at 592 (2); *Clark v. State*, 289 Ga. App. 612, 615 (1) (658 SE2d 190) (2008).

[8] See *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007); *Leonard*, supra at 746 (1).

[9] *Renner v. State*, 260 Ga. 515, 517 (3) (a) (397 SE2d 683) (1990) (evidence of flight may show consciousness of guilt).

[10] (Citations and punctuation omitted.) *Shelton v. State*, 251 Ga. App. 34, 38 (2) (553 SE2d 358) (2001). Accord *Gonzalez v. State*, 277 Ga. App. 362, 368 (6) (626 SE2d 569) (2006).

[11] 192 Ga. App. 32 (383 SE2d 593) (1989).

[12] (Citation omitted.) Id. at 33.

DECIDED FEBRUARY 1, 2011.

*Maurice V. Joseph, Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney*, for appellee.