## A11A0569. WILCOX v. THE STATE.
(713 SE2d 468)

DILLARD, Judge.

Following a jury trial, Julius Cornell Wilcox was convicted of burglary.[1] Wilcox appeals his conviction, challenging the sufficiency of the evidence. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the verdict,[2] the record shows that shortly after midnight on May 22, 2008, an officer with the Fitzgerald Police Department observed Wilcox riding a bicycle while carrying a tire iron and a black saw case, and wearing what appeared to be a brand new tan leather tool belt around his waist. Due to the time of night and the officer's awareness of a recent outbreak of burglaries in the area, the officer stopped Wilcox for questioning. When the officer requested identification, Wilcox stated that he did not have his driver's license because he left it at home. Wilcox then gave his name as Cornell Wilcox, along with his birth date, and the officer ran that information through the Georgia Crime Information System ("GCIS"). GCIS returned a notification that the Ben Hill County Sheriff's Department had issued an arrest warrant for a Julius Wilcox with the same birth date "Cornell" had given to

---

[1] *See* OCGA § 16-7-1.

[2] *See, e.g., Brown v. State*, 288 Ga. 902, 904 (1) (708 SE2d 294) (2011) (citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979)).

the officer. When asked if he knew a Julius Wilcox, Wilcox told the officer that Julius was his cousin.

Unable to sufficiently identify Wilcox, the officer called a deputy with the Ben Hill County Sheriff's Department for assistance, but the deputy was also unable to identify Wilcox or otherwise determine if he was the subject of the outstanding warrant. When questioned as to why he was out so late, Wilcox explained that he was an independent contractor and had just left work at 127 Brunswick Avenue, where he had been "pulling up boards." Not satisfied that Wilcox had accurately identified himself, the officers allowed Wilcox to ride his bicycle to his trailer to retrieve his identification while they followed in their patrol cars.

En route to his residence, Wilcox darted between two trailers on his bicycle, through a space too narrow for the patrol cars to fit. The officers then lost sight of Wilcox and were unable to locate him during their subsequent search of the area. The officers nevertheless went to the trailer Wilcox identified as his own and spoke with his wife, who confirmed that Julius Wilcox resided at that address.

Thereafter, officers went to 127 Brunswick Avenue, where Wilcox claimed to have been working that evening, to investigate. The officers observed that the front door of the dwelling was open and the back window was broken. Tool marks indicated that the window had been pried open. A five-gallon bucket was also overturned beneath the window, and the officers observed footprints in sand surrounding the area. Inside, the house was in disarray. The homeowner was subsequently notified of what the officers determined had been a burglary.

The next day, following an inspection and inventory, the homeowner informed police that he was missing a reciprocating saw and its plastic case, a new tan leather tool belt, and a hammer. The homeowner was not currently living in the house but was remodeling it, and he stated that the door had been locked on the night of the burglary and that he had neither hired anyone to perform the renovations nor given anyone permission to enter the home.

After learning that Julius Wilcox was suspected in the burglary, the homeowner contacted Wilcox's father, who he knew from prior business dealings. The homeowner later met with Wilcox, who denied stealing the missing items and stated that someone with a beard similar to his own had stolen his bicycle. Wilcox's neighbor, however, testified that he had loaned a tire iron to Wilcox the evening before the burglary, and at that time, Wilcox had been riding a bicycle. The tire iron was returned and left beside the neighbor's truck the morning after the burglary, and the neighbor relayed this

information to the police.[3]

Thereafter, a warrant was issued for Wilcox's arrest, he was indicted on one count of burglary, and he was subsequently convicted of same. He then filed a motion for a new trial, which the trial court denied. This appeal follows.

Wilcox alleges that the evidence was insufficient to support his conviction for burglary. We disagree.

At the outset, we note that when a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and Wilcox no longer enjoys a presumption of innocence.[4] We do not reweigh the evidence, and the scope of our review is limited to determining whether the evidence is sufficient to support the conviction.[5] For evidence to be insufficient as a matter of law, we must conclude that no rational juror could find the essential elements of the crime beyond a reasonable doubt.[6] Consequently, the jury's verdict will be upheld "[a]s long as there is some competent evidence . . . to support each fact necessary to make out the State's case."[7]

In the case sub judice, Wilcox was charged with committing burglary by unlawfully entering the house of another with the intent to commit a theft.[8] Wilcox argues, however, that there is a lack of physical evidence linking him to the crime because the stolen property was never recovered for the homeowner to positively identify, and as such, the evidence is insufficient to support his conviction. But as we have previously explained, a conviction may be based on circumstantial evidence, and "the proved facts need exclude only reasonable hypotheses—not bare possibilities that the crime could have been committed by someone else."[9] And in general, questions of reasonableness are for the jury.[10] Furthermore, testi-

---

[3] The tool belt, saw, saw case, and hammer were never recovered.

[4] *See, e.g., Goddard v. State*, 242 Ga. App. 154, 154 (529 SE2d 184) (2000) ("[T]he evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence[.]" (citation and punctuation omitted)).

[5] *See, e.g., id.* at 154; *see also Harris v. State*, 308 Ga. App. 456, 456 (707 SE2d 878) (2011) ("It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (citation and punctuation omitted)).

[6] *See, e.g., Goddard*, 242 Ga. App. at 154 (1).

[7] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted).

[8] *See* OCGA § 16-7-1 ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]").

[9] *Collins v. State*, 304 Ga. App. 11, 12 (695 SE2d 343) (2010) (punctuation omitted) (quoting *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (a) (642 SE2d 345) (2007)).

[10] *See, e.g., id.* at 12.

mony from one witness is sufficient to establish a fact;[11] and the recent possession of stolen goods, when unsatisfactorily explained, gives rise to an inference of guilt of burglary and is probative evidence of the crime, by which rational jurors can find guilt beyond a reasonable doubt.[12] Whether a defendant's explanation is reasonable or satisfactory is, again, a question for the jury.[13] Finally, stolen items need not be recovered to sustain a conviction for burglary.[14]

And here, Wilcox was identified in court by officers as the man they observed riding the bicycle on the night in question.[15] Additionally, the officers saw Wilcox carrying items the homeowner later described as missing from his residence, along with a tire iron that a neighbor testified as having been loaned to Wilcox the previous day. Furthermore, Wilcox's own statements placed him at the scene of the burglary when he told officers that he had just left 127 Brunswick Avenue. The reasonableness of Wilcox's explanation (i.e., that he had been working at the residence) was a question for the jury, especially in light of the surrounding circumstances and the homeowner's testimony to the contrary.[16] Moreover, Wilcox attempted to mislead the police as to his identity and later fled from them. Based on this evidence, the jury could properly infer that Wilcox was guilty of burglary.[17]

Accordingly, for all of the foregoing reasons, we affirm Wilcox's conviction.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 30, 2011.

*Timothy L. Eidson, Steven D. Knittle*, for appellant.

---

[11] *See* OCGA § 24-4-7 ("The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many other witnesses who had the same opportunity of observation swear that they did not see or know of its having existed."); OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

[12] *See Collins*, 304 Ga. App. at 13 (1) ("[O]nce the State showed that [the defendant] possessed goods that were stolen in a burglary, an unsatisfactory explanation of that possession supports his burglary conviction." (punctuation omitted)); *Rivera v. State*, 293 Ga. App. 215, 217 (666 SE2d 739) (2008) (finding sufficient evidence to support conviction when the defendant possessed stolen items shortly after the burglary, falsely identified herself, and sought to evade police); *Roberts v. State*, 277 Ga. App. 730, 731-32 (627 SE2d 446) (2006) (sufficient evidence to support conviction when defendant possessed stolen items and tools used during commission of robbery, and fled from police).

[13] *See, e.g., Thomas v. State*, 256 Ga. App. 712, 713 (1) (569 SE2d 620) (2002) ("Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation." (citation and punctuation omitted)).

[14] *See, e.g., Massey v. State*, 247 Ga. App. 827, 828 (1) (545 SE2d 66) (2001).

[15] *See* OCGA § 24-4-7; OCGA § 24-4-8.

[16] *See Thomas*, 256 Ga. App. at 713 (1).

[17] *See, e.g., Collins*, 304 Ga. App. at 12; *Rivera*, 293 Ga. App. at 217; *Roberts*, 277 Ga. App. at 731-32.

*Denise D. Fachini, District Attorney*, for appellee.