## A11A1826. VEASLEY v. THE STATE.

(719 SE2d 585)

ELLINGTON, Judge.

A Cobb County jury found Greg Veasley guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1 (a); felony obstruction of a law

---

enforcement officer, OCGA § 16-10-24 (b); misdemeanor obstruction of a law enforcement officer, OCGA § 16-10-24 (a); giving a false name, OCGA § 16-10-25; and forgery in the first degree, OCGA § 16-9-1 (a). Following the denial of his motion for new trial, Veasley appeals, challenging the sufficiency of the evidence and contending that he received ineffective assistance of counsel. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows the following. At approximately 11:20 p.m. on March 15, 2009, when the victims were in their upstairs bedroom watching television, they heard their doorbell ring. The victims looked out the window to see who was ringing the bell, and they saw a black male wearing a stocking cap walk away from the door, look up at the house, and then come back and ring the bell again. A few minutes later, the victims saw a white pickup truck drive slowly in front of their home. Then the same black male approached their front door again, this time putting on gloves.

At this point, the victims called 911 to report the suspicious man and truck. Seconds later, the victims heard their front door being forced open, and they locked themselves in the bathroom. The police arrived within four minutes. The victims' front door frame was completely broken and splintered, apparently by a crowbar. Their 42-inch plasma Samsung television had been taken.

As officers first approached the residence, they saw a white pickup truck that matched the description given in the dispatch speeding away from the scene of the burglary. After stopping the truck approximately 60 yards from the victims' residence, one of the responding officers identified herself as a police officer and ordered Veasley to get out and put his hands up. Veasley got out of the truck, failed to respond to repeated commands to put his hands up, and finally threw a crowbar down and ran away. While running, Veasley dropped the truck key, his driver's license, and a handful of money.

Officers chased Veasley and caught him nearby. Veasley resisted arrest and kicked one of the officers. After being subdued, Veasley gave his name as "Travis Williams," which officers determined to be false. Veasley gave this same false name at the jail, and signed this false name on intake documents.

Meanwhile, the victims identified the white pickup truck that Veasley was driving when he first encountered the police as the one they had seen driving by their house. They also identified a plasma television that Veasley left behind in the pickup truck as the one that had been stolen from their home that night. In addition, Veasley's

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

truck also contained other pieces of electronic equipment, two black stocking caps, two gloves, a wallet, and a black notebook. The notebook contained Cobb County addresses and notes concerning the value of televisions, satellite dishes, and similar items.

At the close of the State's evidence, the trial court determined that the evidence was sufficient to go to the jury and denied Veasley's motion for a directed verdict.

1. Veasley contends that, because none of the State's witnesses "could positively place [him] in the [victims'] residence," the evidence was insufficient to prove that he was the perpetrator of the burglary.[2] If he did not commit the burglary, he contends, then the officers were not in lawful discharge of their duties at the time of his alleged obstruction and, therefore, those convictions also cannot be sustained.[3]

These contentions lack merit. Evidence that, taken together, authorized the jury to find that Veasley was the perpetrator of the burglary included the following: that he was of the gender and race of the person the victims saw ringing their doorbell less than a minute before someone used a crowbar to break in; that, just minutes after the break in, police officers caught Veasley speeding away from the victims' residence while driving a truck that matched the description of the one the victims saw driving past their home just before the break-in; that, when he emerged from that truck, Veasley was holding a crowbar; that the victims' television was in the truck he was driving, along with other items related to the burglary; and that Veasley fled from the police, while discarding his driver's license. The evidence authorized the jury to find that the circumstantial evidence was sufficient to exclude every reasonable hypothesis other than Veasley's guilt.[4] See *Grant v. State*, 307 Ga. App. 681,

---

[2] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]" OCGA § 16-7-1 (a).

[3] (a) Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.

(b) Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony[.]

OCGA § 16-10-24.

[4] See OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."); *Grant v. State*, 307 Ga. App. 681, 682 (705 SE2d 910) (2011) (Questions as to the reasonableness of hypotheses are generally to be decided by the jury. Where the evidence authorizes the jury to find that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be

683 (705 SE2d 910) (2011) (Evidence that the defendant fled from police who were responding to a report of a burglary may show consciousness of guilt.); *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007) ("Evidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary.") (citation, punctuation and footnote omitted). It follows that the trial court did not err in denying Veasley's motion for a directed verdict.[5]

2. Veasley contends that his counsel failed to present any evidence or argument relevant to his only defense, that is, misidentification, and failed to provide a particularized motion for a directed verdict and that such failures constituted ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). In analyzing the prejudice element, "[t]he question is whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." (Citation and punctuation omitted.) *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009). When a defendant fails to establish that his counsel's performance prejudicially affected his defense, we need not evaluate whether counsel's performance was deficient, because failure to satisfy either prong of the *Strickland v. Washington* standard is fatal to an ineffective assistance claim. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623)

---

disturbed unless the verdict of guilty is insupportable as a matter of law.).

[5] On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation, punctuation and footnotes omitted.) *Chambers v. State*, 288 Ga. App. at 550.

(1995); *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991). As the appellate court, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. at 76.

(a) Veasley contends that his counsel should have questioned an officer more thoroughly about the call log on Veasley's cell phone, to show that Veasley received a call at the time the burglar was carrying the victims' television out of their home. At the hearing on his motion for a new trial, appellate counsel argued that the jury could have inferred from such evidence that Veasley could not have been talking on his cell phone and at the same time carrying a large television without another person's help. Veasley did not call the officer to testify at the hearing on his motion for a new trial, however, or make any other proffer of evidence to show that the purported evidence would have actually been exculpatory. Absent a presentation of such evidence, Veasley failed to show that there is a reasonable probability that, if trial counsel had elicited more evidence on this issue and elaborated on it during argument, the jury would have had a reasonable doubt respecting his guilt.

(b) Veasley contends that his trial counsel's performance was deficient in failing to make a "particularized" motion for a directed verdict. Because the evidence was sufficient, however, as we have held in Division 1, supra, there was no argument, however trenchant, that was likely to persuade the trial court to grant his motion for a directed verdict.

Because Veasley failed to carry his burden of showing that trial counsel's allegedly deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different, the trial court did not err in denying Veasley's motion for a new trial. *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (b) (545 SE2d 587) (2001); *Cunningham v. State*, 222 Ga. App. 740, 744 (2) (a) (475 SE2d 924) (1996).

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 18, 2011.

*Patricia G. Abbott, Gina A. Smalley*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.